.HAWTHORNE, Justice.
Leroy “Willie” Jackson, the appellant, and Henry Leggle were indicted for the murder of Samuel B. Barman. On motion of the State a severance was granted, and Jackson was tried, found guilty, and sentenced to death. From this conviction and sentence he has appealed.
*952 During the trial of the case the State called as a witness in its behalf Henry Leggle, co-defendant and accomplice. During cross-examination of Leggle by counsel for the defendant several questions were asked him to which the State objected, and the objections were sustained by the judge. Defendant excepted to these rulings and reserved and perfected a bill of exception in which the questions are incorporated. Some of these questions are:
(1) “Did you make a confession after you had been in jail?”
(2) “Did you at any time talk to any individual about this case?”
(3) “Did you at the time of your arrest talk to the sheriff about this case?”
We are of the opinion that the district judge should have overruled the objections made by the State to these questions. As we have pointed out, Leggle was an accomplice. It is well settled that, when the prosecution in a criminal case relies on the testimony of an accomplice to prove its case, great latitude must be allowed the defendant in cross-examination of the witness. State v. Haddad, 221 La. 337, 362, 59 So.2d 411. By his ruling the judge limited the scope of such cross-examination and committed reversible error.
3 Wharton’s Evidence in Criminal Cases (1935), sec. 1297, p. 2169, gives the rule as follows:
“ * * * The accused has the right freely to cross-examine an accomplice testifying for the state as to his motives, bias, interest, relation to the crime, the persons connected with it, and other matters tending to impeach his fairness or impartiality. One who has turned state’s evidence is subject to-the same kind of cross-examination as any other witness. Great latitude, from the nature of the case, is allowed in the cross-examination of an accomplice, and the most searching questions are permitted in order to test his veracity. Indeed, it is held that the widest latitude should be allowed in the cross-examination of an accomplice; he will be compelled to make a full statement of the matter * *
Moreover, this bill of exception informs us that counsel for the accused had asked the questions of the witness for the purpose of testing his credibility and for the purpose of showing that he had made prior contradictory statements and also for the purpose of showing that the witness was biased or prejudiced against the accused and had implicated the accused in a confession in the belief that the accused had “turned him in”.
If this witness was biased,, counsel for the defendant had the right to show this bias. Under Article 492 of the Code of Criminal Procedure, when the purpose is to show bias in the case on trial, it is competent to question the witness as to any particular fact showing or tending to show such bias. Again, if the purpose of the questions was to test credibility and show prior inconsistent statements, counsel for the accused *954 should have been permitted to lay the proper foundation, if he could, for the introduction and proof of such prior inconsistent statements, under the provisions of Article 493 of the Code of Criminal Procedure.
We do not find it necessary to consider the other bills of exception reserved and perfected by defendant.
The conviction and sentence are reversed and set aside, and the defendant is granted a new trial.