SIMON, Justice.
 

 Paul Clifton Lewis, the appellant, and Dalton Howard were charged in a bill of information with the crime of public bribery. The bill of information recited that the accused, being employed as police officers of the City of Lafayette, accepted $230 from James Lewis, Norris Gabriel, and Hammond Mitchell, which was given by said, persons and accepted by the accused with the intent to influence the conduct of the accused in relation to their position, employment and duty as police officers. On motion of Paul Clifton Lewis, a severance was granted, and Lewis was tried, found
 
 *478
 
 guilty of the lesser crime of attempted public bribery, .and sentenced to the state penitentiary for a period of two years. From this conviction and sentence he has appealed.
 

 Counsel for the appellant has presented six bills of exception. Our disposition of Bill of Exception No. 2, obviates the necessity of considering the remaining bills of exception reserved and perfected by appellant.
 

 As shown by Bill of Exception No. 2, during the trial of the case the State called as a witness in its behalf accomplice Hammond Mitchell. During cross-examination of Mitchell, counsel for the appellant, for the purpose of showing Mitchell’s bias, interest, or corruption, began a line of inquiry seeking to establish that Mitchell, although previously indicted along with the appellant and others for a burglary which was part of the transaction involved in the charge of public bribery, had not been brought to trial for more than a year and would not be tried, or at least promised leniency, because of his assistance to the State in testifying at the trials of the others involved in the crime. In other words, counsel for appellant was attempting to establish Mitchell’s bias and interest by a line of questioning tending to show a promise of leniency to him by the State, and began a preliminary line of questioning by first asking the witness whether he had been indicted more than a year ago for the crime of burglary which formed part •of the transaction involved in the charge .of public bribery against the accused. The State’s obj ection to this initial question was sustained by the trial judge, whereupon defense counsel excepted to this ruling, moved that the jury be retired, and reserved and perfected a bill of exception in which the questions forming this line of inquiry and the witness’ answers in the absence of the jury are incorporated as a part of the bill.
 

 We are of the opinion that the district judge should have overruled the objections made by the State to the preliminary question heretofore alluded to and to the remaining questions and answers shown in the bill reserved, the latter having been taken out of the presence of the jury, but thereafter submitted to the court as proper cross-examination. As we have previously observed, Mitchell was an accomplice. Although the testimony of an accomplice, even though uncorroborated, is competent evidence, it is well settled that such evidence is subject to suspicion and should be received and acted upon with extreme or at least with grave caution. State v. Feraci, 167 La. 78, 118 So. 699; State v. Matassa, 222 La. 363, 62 So.2d 609. Hence, when the State relied upon the testimony
 
 *480
 
 of an accomplice in corroboration of the alleged confession or admissions of the defendant, and which under our law is required before a legal conviction can be had,
 
 [1]
 
 great latitude must be allowed in his cross-examination by the defendant. State v. Haddad (on rehearing), 221 La. 337, 59 So. 2d 411; and numerous authorities cited therein.
 

 In State v. Jackson, 227 La. 949, 81 So.2d 5, 6, we quoted approvingly from 3 Wharton’s Evidence in Criminal Cases (1935), sec. 1297, p. 2169, as follows:
 

 “ 1 * * * The accused has the right freely to cross-examine an accomplice testifying for the state as to his motives, bias, interest, relation to the crime, the persons connected with it, and other matters tending to impeach his fairness or impartiality. One who has turned state’s evidence is subject to the same kind of cross-examination as any other witness. Great latitude, from the nature of the case, is allowed in the cross-examination of an accomplice, and the most searching questions are permitted in order to test his veracity. Indeed, it is held that the widest latitude should be allowed in the cross-examination of an accomplice; he will be compelled to make a full statement of the matter * * *.’ ”
 

 See also 3 Wharton’s Criminal Evidence (12th Ed. 1955), sec. 863, pp. 244, 245; 98 C.J.S. Witnesses § 401 b, p. 195.
 

 Moreover, this bill of exception informs us that counsel for the accused had asked the questions of the witness not only for the purpose of testing his credibility, but also for the purpose of showing that the witness was biased or prejudiced against the accused and to determine whether his motives in implicating the accused in his testimony was motivated by an expectation of being absolved from his participation in the crime charged or of leniency on the part of the State.
 

 Under Article 492 of the Code of Criminal Procedure, LSA-R.S. 15:492, when the purpose is to show bias in the case on trial, it is competent to question the witness as to any particular fact showing or tending to show such bias, prejudice or base motives.
 

 It is also well settled that the cross-examination of an accomplice in an effort to show that his testimony is unworthy of credit, the extent to which the cross-examination may extend or be restricted is to be determined within the discretion of the trial judge. In exercising this discretion, however, such restrictions must be within legitimate bounds, and
 
 *482
 
 whenever it appears that testimony has been excluded which would show bias, interest, the promise, or the hope of reward on the part of the witness, it is error and is ground for a new trial. True, the discretionary power of the trial judge is to confine the cross-examination within reasonable limits, but this does not necessarily include the authority to exclude altogether questions and the answers thereof which directly challenge the disinterestedness or credibility of the witness’ testimony. Such error must be regarded as highly prejudicial and tends to deprive the defendant of a fair and impartial trial.
 

 There is no merit in the State’s contention that the evidence sought to be introduced by the accused was inadmissible under LSA-R.S. 15:495, which prohibits questioning of a witness for purposes of impeachment, as to whether he has been indicted for the commission of a crime. The provisions of this section are clearly inapplicable. The purpose of the cross-examination as clearly evidenced by the bill under consideration was only to show the witness’ bias, prejudice and interest and to establish, if possible, an ulterior motive for testifying against this defendant, and is controlled by LSA-R.S. 15:492.
 

 The conviction and sentence are reversed and set aside and the defendant is granted a new trial.
 

 [1]
 

 . State v. Morgan, 157 La. 982, 103 So. 278, 40 A.L.R. 458; State v. Callowdy, 196 La. 496, 199 So. 403; 23 C.J.S. Criminal Law § 916, p. 182; 22 C.J.S. Criminal Law § 839, p. 1471.