279 So.2d 657 (1973)
STATE of Louisiana
v.
Woodrow BEACH and Ben Davis Beach.
No. 53158.
Supreme Court of Louisiana.
June 11, 1973.
*658 C. Alvin Tyler, Baton Rouge, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Nathan E. Wilson, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Both defendants in this joint trial were convicted of armed robbery in violation of LSA-R.S. 14:64. The court sentenced Woodrow Beach to serve 25 years imprisonment without benefit of probation, parole or suspension of sentence. Ben Beach was sentenced to 15 years imprisonment on the same terms. Both have appealed, relying on several bills of exceptions.

BILLS OF EXCEPTIONS NOS. 1-3
Bills of Exceptions Nos. 1 through 3 were reserved to rulings during the cross-examination of the State's principal witness, Jackie Lee Chamberlain. Originally a defendant in this action, Chamberlain was severed immediately before trial and later allowed to plead guilty to simple robbery, a lesser offense.
On the stand, Chamberlain admitted participation in the robbery and identified Woodrow and Ben Beach as his accomplices. He also admitted that he had used a part of the proceeds of the robbery to buy illegal drugs from a man named Teester.
On cross-examination, the defense was allowed to probe this purchase in some detail, the court correctly overruling, because of waiver, a plea of the privilege against self-incrimination.
The court declined, however, to require the witness to answer this question: "Had you ever bought dope from him before?" The defense reserved Bill of Exceptions No. 1 to this ruling.
The Bill is without merit. The question relates solely to past offenses foreign to the crime charged. It was irrelevant and inadmissible.
Bill of Exceptions No. 2 was reserved when the court refused to require the witness to respond to questions concerning prior arrests which did not result in convictions. The defense urges that the questions in this area were proper under LSA-R.S. 15:280, which provides that:
"When a witness has been intentionally sworn and has testified to any single fact in his examination in chief, he may be cross-examined upon the whole case."
Reliance on this statute is misplaced. It is LSA-R.S. 15:495 which specifically governs the admissibility of evidence of other crimes for purposes of impeachment. The statute provides that:
"Evidence of conviction of crime, but not of arrest, indictment, or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein."
Under the statute, evidence of arrest is inadmissible. Hence, Bill of Exceptions No. 2 is without merit.
Bill of Exceptions No. 3 was reserved when the court refused to require Chamberlain, who asserted his privilege against self-incrimination, to respond to a question asking if he were taking drugs at the time of his arrest for the present offense.
Chamberlain testified on direct examination that at the time he was arrested he *659 gave the police a statement confessing his part in the robbery in question. Therefore, the question of whether his statement was free and voluntary could have been most relevant had the statement been used.
The State, however, chose not to introduce the statement obtained from Chamberlain at the time of his arrest into evidence, relying solely on Chamberlain's incourt testimony to link Woodrow and Ben Beach to the crime. Since the witness was in court and subject to cross-examination, the circumstances surrounding the confession were irrelevant.
Defense counsel, moreover, admitted that he had no evidence that Chamberlain was under the influence of drugs when arrested and that his question was "fishing." A "fishing expedition" is not permissible at the expense of the constitutional rights of a witness. See State v. Pierre, 261 La. 42, 259 So.2d 6 (1972), in which this Court approved a procedure similar to that employed in this case to obtain the testimony of a former co-defendant turned state's witness. In that case, the witness was allowed to invoke his privilege against self-incrimination when asked specific questions which could tend to incriminate him. We re-affirm that a witness does not waive his privilege against self-incrimination as to collateral matters wholly unrelated to the case being tried, when he takes the stand to testify.
State v. Lewis, 236 La. 473, 108 So.2d 93 (1959), relied upon by defendant, is inapposite. There the purpose of the impeachment was to show bias or prejudice on the part of the witness. LSA-R.S. 15:492 rather than LSA-R.S. 15:495 was therefore controlling. Additionally, no question of self-incrimination was there presented.

BILL OF EXCEPTIONS NO. 5
Bill of Exceptions No. 5 was reserved upon the refusal of the trial judge to order a mistrial in favor of Ben Beach.
During the trial, Woodrow Beach attempted to establish an alibi as an affirmative defense. He failed to offer the on-the-stand testimony of any witness to support his alibi, but was allowed to use the testimony of his wife and children, taken at a preliminary examination. In closing argument, the prosecution noted the failure of Woodrow Beach to present any "live" witnesses to support his alibi. During that part of the argument the assistant district attorney stated:
"I feel that Mr. Beach could have called Ted Beach, Bessie Beachof course, he couldn't have called Ben Beach, because Ben Beach is charged with the same crime and he could not take the stand and testifybut at least he could have called those other people. ..."
Counsel for Ben Beach moved for a mistrial arguing that these comments by the prosecution were mandatory grounds for mistrial under Article 770 of the Louisiana Code of Criminal Procedure. That article provides in pertinent part:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:...
"(3) The failure of the defendant to testify in his own defense; ..."
Many courts apply a two-pronged test when considering such remarks. This test was outlined in United States v. White, 444 F.2d 1274 (5th Cir. 1971), as follows:
"The test in determining whether such a transgression has occurred is whether the remark was manifestly intended or was `of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.' Samuels v. United States, 398 F.2d 964 (5th Cir. 1968), cert. den. 393 U.S. 1021, 89 S.Ct. 630, 21 L.Ed.2d 566 (1969)."
*660 Here, the closing argument at issue was directed to Woodrow Beach and his alibi defense; Ben Beach was mentioned, in passing, only as a possible alibi witness on Woodrow's behalf. Nowhere is there any hint that the prosecution intended to direct the jury's attention to Ben Beach's failure to take the stand in his own defense. Nor do the words supply a basis for holding that the jury would take it to be a comment on the failure of the co-defendant to testify in his own behalf.
We have found no cases directly dealing with the point at issue. In the usual situation, the remarks complained of are directed to the defendant claiming prejudice. This Court recently discussed that kind of a situation, distinguishing between defendant's putting on no evidence (or the State's evidence being uncontradicted) and comments on defendant's failure to take the stand. See State v. Cryer, 262 La. 575, 263 So.2d 895 (1972) and the cases cited therein. We conclude that Bills of Exceptions No. 5 has no merit.
For the reasons assigned, the convictions and sentences are affirmed.
TATE, J., concurs in the decree.
BARHAM, J., dissents.