288 So.2d 339 (1974)
STATE of Louisiana
v.
William Steve BROWN.
No. 53895.
Supreme Court of Louisiana.
January 14, 1974.
*341 Robert L. Dow, Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen. Frank T. Salter, Jr., Dist. Atty., Charles W. Richard, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Pursuant to a bill of information filed on February 28, 1972, the defendant William S. Brown was tried by jury on November 15, 1972, for the distribution of heroin, a violation of LSA-R.S. 40:971(A)(1)(a). He was found guilty and sentenced to serve 20 years at hard labor. The defendant appeals this conviction and sentence, relying upon 17 bills of exceptions.

BILL OF EXCEPTIONS NO. 1
Bill of Exceptions No. 1 was taken to the denial by the trial court of a motion to quash the bill of information. This motion was predicated upon several grounds.
First, the defendant asserts that the statute pursuant to which he was charged, the Uniform Controlled Dangerous Substance Law of 1970, is offensive to the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The argument is that in providing a 30-year maximum penalty for distribution *342 by one who holds no license and a maximum of only six months for illegal distribution by one who holds such a license, the Legislature has made an arbitrary and unreasonable classification. We disagree.
In Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485 (1957), the United States Supreme Court summarized the rules for testing legislation under the Equal Protection Clause as follows:
"`1. The equal protection clause of the Fourteenth Amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary.'" Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78-79, 31 S.Ct. 337, 340, 55 L.Ed. 369 (1911).
Pursuant to these principles, the defendant bears the burden of showing that the classification at issue has no rational basis. State v. Guidry, 247 La. 631, 173 So.2d 192 (1965). Here, it is manifest that the State has a legitimate interest in the distribution of drugs. It is also plain that licensing is a legitimate means to that end. The providing of greater penalties for unlicensed distribution than for illegal but licensed distribution is rationally linked to the prevention of unlicensed distribution, a prime purpose of the statute.
The contention urged by defendant that these penalty provisions offend the Eight Amendment's prohibition of cruel and unusual punishment is equally without merit. Defendant relies upon Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). Such reliance is misplaced. The court in Robinson held that imprisonment of a person simply because he was a narcotics addict, a status unattended by criminal conduct, is cruel and unusual punishment. Defendant herein was found guilty of criminal conduct, the distribution of heroin.
The defendant also urges that the definition of "deliver" in LSA-R.S. 40:961 is vague and fails to provide an ascertainable standard of guilt.
The statute defines "deliver" as the "actual constructive or attempted transfer of a controlled dangerous substance. . . ." Defendant argues that the statute fails to meet basic constitutional standards since "actual constructive" is a mutually exclusive term. Obviously, a comma was inadvertently omitted between "actual" and "constructive."
LSA-R.S. 1.3 provides as follows:
"Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning."
A reader quickly recognizes that a comma was omitted. When the comma is supplied, as must be done, the statute is clear. It gives a person of ordinary intelligence fair notice as to what conduct is criminal.
The defendant also urges that the Uniform Controlled Dangerous Substances Act is incomprehensible to the average person. The charge at issue is the distribution of heroin. There is nothing vague or indefinite concerning the prohibited conduct.
*343 As we have often held, all that is required is that the statute give a person of ordinary intelligence fair notice of what conduct is criminal. State v. Cloud, 248 La. 125, 176 So.2d 620 (1965); State v. Cade, 244 La. 534, 153 So.2d 382 (1963); State v. Roth, 226 La. 1, 74 So.2d 392 (1954); Whitney v. California, 274 U.S. 357, 47 S.Ct. 641, 71 L.Ed. 1095 (1927).
The defendant also contends that the statute is unconstitutional, because it authorizes the State Board of Health in LSA-R.S. 40:962 to determine that substances in addition to those listed in the statute are dangerous substances. Heroin, the narcotic that defendant was convicted of distributing, is listed in the statute. Hence, defendant has no standing to raise the constitutionality of the delegation provisions in LSA-R.S. 40:962. He is not affected by those provisions.
In his Motion to Quash, defendant also contends that he was denied a jury representing a cross section of the community. Apparently, he attacks the constitutionality of Article 402 of the Louisiana Code of Criminal Procedure and Article 7, Section 41 of the Louisiana Constitution, exempting women from jury service unless they have previously filed written consent to such service.
We have repeatedly held that these statutory and constitutional provisions are valid, relying upon the decision of the United States Supreme Court in Hoyt v. Florida, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118 (1961). See State v. Womack, La., 283 So.2d 708 (1973) and the numerous cases cited.
We conclude that Bill of Exceptions No. 1 is without merit.

BILL OF EXCEPTIONS NO. 2
Defendant through counsel filed a Motion for Oyer and/or Mandamus directed to the Sheriff, the president of the police jury, and the district attorney requesting that the defendant be furnished with certain payroll and personnel records and any and all records concerning investigations or arrests of certain named individuals. From the denial of this motion, defense counsel reserved this exception.
The defendant argues that LSA-R.S. 42:283-285 and LSA-R.S. 44:1 clearly show that these documents are public records, and that the denial of access to these records substantially deprived him of his right to prepare his defense.
We are unable to discern the relevance of much of the material sought. Assuming these documents to be public records, however, denial of the motion did not deprive the defendant of access to the records. LSA-R.S. 44:32 provides:
"All persons having custody or control of any public record shall present it to any person who is authorized by the provisions of this Chapter and who applies during the regular office hours or working hours of the person to whom the application is made. The persons in custody or control of a public record shall make no inquiry of any person authorized by this Chapter who applies for a public record, beyond the purpose of establishing his authority; and shall not review nor examine or scrutinize any copy, photograph or memoranda in the possession of any authorized person; and shall give, grant and extend to the authorized persons all reasonable comfort and facility for the full exercise of the right granted by this Chapter. (Italics ours).
By application at the office of the custodian of the records, the documents would have been made available for his inspection. See State v. Cripps, 259 La. 403, 250 So.2d 382 (1971).
The bill is without merit.

BILL OF EXCEPTIONS NO. 3
This bill was taken when the trial court sustained the State's objection to answering some 17 paragraphs of defendant's Motion *344 for a Bill of Particulars. The unanswered requests included:
(1) What other statutes the prosecution will be conducted under;
(2) What statutes constitute a lesser included offense;
(3) The specific means by which the offenses were committed and the acts justifying the State's conclusion of "distribution";
(4) Whether the agent was a deputy and what was his expertise;
(5) Had the deputy any criminal record;
(6) Whether the agent was receiving compensation and how much;
(7) Was anyone else present when the alleged crime was committed;
(8) How much money was exchanged;
(9) What quantity of heroin was distributed;
(10) Whether defendant was arrested with or without a warrant;
(11) The facts and circumstances predicating the arrest;
(12) The names and addresses of the arresting parties;
(13) Whether defendant made any requests to communicate with anyone after his arrest;
(14) What offense he was charged with and the exact time, date, and place he was taken into custody;
(15) Whether anyone else made any statements relative to the incident.
The state furnished in the answer to the Bill of Particulars the following information:
(1) The time (7:10 p. m.);
(2) The place (Corner of Pine St. and Enterprise Blvd., Lake Charles, La. in Elroy Fontenot's vehicle);
(3) The evidence is in possession of the Calcasieu Sheriff's Department;
(4) No written confession was executed by defendant;
(5) The purchaser was an agent of Calcasieu Sheriff's Department by the name of Elroy Fontenot.
In State v. Fink, 255 La. 385, 231 So.2d 360 (1970), a case involving distribution of marijuana, we held sufficient a bill of particulars stating the type of drug, the time of the sale, and the name of the agents who purchased it. The remainder of the motion in that case, as here, was designed to secure a full disclosure of the state's evidence. As we have often held, full pre-trial discovery is unavailable in criminal proceedings. See State v. Cripps, supra, wherein we rejected requests for particulars substantially similar to those in this case.
Finally, as we held in State v. Square, 257 La. 743, 244 So.2d 200 (1971), a ruling of a trial court on a motion for a bill of particulars will not be disturbed in the absence of an abuse of discretion. We find no abuse of discretion here.
The bill is without merit.

BILL OF EXCEPTIONS NO. 4
This bill was taken to the overruling of defense counsel's objection to trial before a jury of less than 12 members.
In brief, defendant abandoned this bill, citing the recent case of State v. Rabbas, La., 278 So.2d 45 (1973), which, as the defendant concedes, allows trial by a 5-man jury.

BILL OF EXCEPTIONS NO. 5
When the district attorney in his opening statement referred to four cases against the defendant for distribution of heroin, defense counsel moved for a mistrial, *345 which was denied. Counsel then reserved this bill.
The substance of counsel's argument is that the reference to other crimes prejudiced the defendant, and that refusal of the trial court to grant a mistrial is reversible error.
The same argument was made and rejected in State v. Kreller, 255 La. 982, 233 So.2d 906 (1970). LSA-R.S. 15:446 provides an exception to the prohibition against admitting evidence of crimes other than that charged. The exception is that when knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts as tend to establish knowledge or intent. We concluded in State v. Kreller, supra, that guilty knowledge is an ingredient of the crime of selling narcotics. Proof of other instances of distribution was admissible here under LSA-R.S. 15:446 to show guilty knowledge. Hence, the district attorney properly mentioned the other narcotic offenses in his opening statement.
This bill is without merit.

BILL OF EXCEPTIONS NO. 6
Defendant objected to the State's introducing evidence of another crime because the district attorney in his opening statement had stated, perhaps inadvertently, another date.
The district attorney in his opening statement said he would show that defendant sold heroin on three other occasions, giving dates. LSA-C.Cr.P. Art. 766 states:
"The opening statement of the state shall explain the nature of the charge, and set forth, in general terms, the nature of the evidence by which the state expects to prove the charge."
The article does not require that all evidence must be given in minute detail. State v. Davis, 241 La. 974, 132 So.2d 866 (1961); State v. White, 244 La. 585, 153 So.2d 401 (1963). Here, the fact that an erroneous date was given for one of the offenses is unimportant, since defendant was apprised sufficiently of the general nature of the evidence to be introduced. See, for example, State v. Dobard, 262 La. 225, 263 So.2d 16 (1972), in which inadvertent substitution in the opening statement of the name "Rampart" instead of "Robertson" was no bar to subsequent introduction of evidence of another crime which took place on Robertson Street.
The bill is without merit.

BILL OF EXCEPTIONS NO. 7
During the cross-examination of Deputy Jack Hebert, Head of the Narcotics Division of Calcasieu Parish Sheriff's Department, defense counsel moved for an instanter subpoena duces tecum directed to the Sheriff to produce the personnel file of undercover agent Elray Fontenot. Motion was denied, and a bill reserved.
For the reasons stated in the discussion of Bill No. 2, this bill is without merit.

BILL OF EXCEPTIONS NO. 8
During further cross-examination of Deputy Hebert, defense counsel attempted to question the witness concerning investigation procedures employed by the Sheriff's Department in hiring prospective employees. Objection was made and sustained to the relevancy of the question, and a bill was reserved.
Defendant relies on R.S. 15:492 and the case of State v. Lewis, 236 La. 473, 108 So.2d 93 (1959) for his argument that the Court erred in not allowing the questions. LSA-R.S. 15:492 allows a witness to be questioned as to any particular facts tending to show bias, interest, or corruption of that witness. State v. Lewis, supra, held that it was reversible error not to allow questioning of an accomplice, who had testified for the state, to determine *346 whether he had been promised immunity or leniency.
That principle is inapplicable to the present situation, in which no accomplice has testified for the State.
The bill is without merit.

BILL OF EXCEPTIONS NO. 9
During direct examination by the state of Agent Elray Fontenot, the witness testified that he asked Deputy Hebert, who was hidden in the trunk of a car next to Fontenot's vehicle, whether he had heard the conversation between defendant and Fontenot. He further testified that Hebert answered "Yeah." Defense counsel objected to this as hearsay, which objection was overruled and a bill reserved.
Assuming this utterance "yeah" was offered for the proof of its contents and was hearsay, the error in admitting it was harmless. In his Per Curiam, the trial judge stated that Deputy Hebert had previously testified to the same facts.
The bill, therefore, is without merit.

BILLS OF EXCEPTIONS NOS. 10 and 11
These bills were reserved to the introduction of evidence of other offenses, i. e., other instances of distribution of heroin. For the reasons stated in our discussion of Bill of Exceptions No. 5, these bills are without merit.

BILL OF EXCEPTIONS NO. 12
This bill was reserved to the court's ruling that defense counsel could not question Agent Elray Fontenot relative to his prior arrests.
LSA-R.S. 15:495 prohibits questioning witnesses about prior arrests. Defense counsel argues that State v. Lewis, 236 La. 473, 108 So.2d 93 (1959), established an exception to this rule which would allow him to so question Agent Fontenot to show bias or interest.
As we have noted, Lewis applies to an accomplice testifying for the State. Elray Fontenot was not an accomplice; he was a retained agent of the Sheriff's Department.
The bill is without merit.

BILL OF EXCEPTIONS NO. 13
This bill was reserved by defense counsel when Deputy Hatch, on being asked on cross-examination whether he knew the substance purchased from defendant was heroin, answered "that's what Tatum Brown [the defendant] said it was." Counsel objected to the answer as inadmissible hearsay.
The statement by the defendant that the substance he sold was heroin, made at the time of the transaction, was admissible as part of the res gestae. LSA-R.S. 15:447. See State v. Clouatre, 262 La. 651, 264 So.2d 595 (1972), where the statement "it's down" by the defendant as he swallowed heroin in a struggle with officers was held so admissible.
Bill of Exceptions No. 13 is thus without merit.

BILL OF EXCEPTIONS NO. 14
This bill was taken to the introduction over defense counsel's objection of four packets of heroin that allegedly had been purchased from defendant. Defense counsel argued that it was not the same as that sold by defendant because it was beige or yellowish in color, rather than white, as had been indicated upon receipt of the evidence at the time of the offense.
In fact, Deputy Hebert did not testify that the substance which he received at the time was white, but that it was a light colored, similar to the color of talcum powder *347 or sugar. Beige or light brown is also a light color. The chain of evidence was not attacked on any other point.
The trial judge in his Per Curiam states that there was sufficient testimony to establish an unbroken chain of custody from the date of the alleged offense to the date of trial.
The bill is without merit.

BILL OF EXCEPTIONS NO. 15
During the State's closing argument, the prosecutor stated: "But if all the evidence is here and if you turn a guilty man loose, I don't see how you can live with yourself and I don't see how the Parish could accept it or your community. . ." Defense counsel objected and cites State v. Blackman, 108 La. 121, 32 So. 334 (1902), in support of his contention that it was reversible error. State v. Blackman is distinguishable from the instant case in that the charge in Blackman was murder, and the prosecutor there sought to influence the penalty returned by berating the jurors as weaklings should they not recommend the death penalty. Here, the prosecutor stated "If all the evidence is here and if you turn a guilty man loose, . . ." He did not threaten popular denunciation by the community had they returned a not guilty verdict even though sufficient evidence was not provided. To request a guilty verdict if the evidence supports it is not improper.
The bill is without merit.

BILL OF EXCEPTIONS NO. 16
Defense counsel objected to the trial judge's refusal to include a special charge to the jury concerning the alleged character or general reputation of the witness, Fontenot.
Counsel alleges that, during the course of the trial, Elray Fontenot testified that he had been convicted of a crime and was a heroin addict. In his Per Curiam, the trial judge states that no testimony was introduced at trial concerning "bad character" of Fontenot.
This bill is without merit.

BILL OF EXCEPTIONS NO. 17
At the close of trial, defendant moved for a new trial and to arrest the judgment, alleging that the verdict was contrary to the law and evidence and that the ends of justice would best be served by granting a new trial because the acoustics in the courtroom were substandard, and because of those other grounds raised in various bills of exceptions.
We have previously disposed of the bills of exceptions reurged in the motion for a new trial. Insofar as the motion alleges that the verdict is contrary to the law and the evidence, it presents nothing further for review.
We note, however, that defendant was sentenced without benefit of the statutory delay provided in LSA-C.Cr.P. Art. 873. The case will, therefore, be remanded for resentencing in accordance with law.
For the reasons assigned, the conviction if affirmed. The sentence is set aside and the case is remanded for resentencing according to law.
BARHAM, J., concurs being of the opinion women discrimination on juries is unconstitutional.