310 So.2d 544 (1975)
STATE of Louisiana
v.
Wesley MARTIN.
No. 55616.
Supreme Court of Louisiana.
March 31, 1975.
Rehearing Denied April 25, 1975.
*545 Bertrand DeBlanc, Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Byron P. Legendre, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Defendant was charged by Bill of Information with distribution of heroin, a violation of LSA-R.S. 40:966. After a jury trial, he was convicted and sentenced to serve ten years at hard labor. During the course of his trial, he reserved four Bills of Exceptions upon which he now relies for reversal of his conviction and sentence. Bills of Exceptions Nos. 1 and 3 will be considered here; the remaining two bills are in common with Bills of Exceptions Nos. 1 and 2 of State v. Darby, No. 55,615, handed down this day, and are disposed of in that decision.

BILL OF EXCEPTIONS NO. 1
Defendant reserved this bill to the court's overruling of his motion to quash the Bill of Information filed against him. Defendant alleges that the bill is fatally defective for failure to name the person to whom the heroin was distributed and that it is unconstitutional because of vagueness.
Defendant's allegations are without merit. The Bill of Information charging defendant states in pertinent part that:
"... on or about the 21st day of February in the year of our Lord, one thousand nine hundred and seventy-three (1973) [defendant] did wilfully, unlawfully, knowingly and intentionally sell, deliver and distribute a controlled dangerous substance, to-wit: Heroin, classified in Schedule I of the Uniform Controlled Dangerous Substance Act, in violation of the provisions of R.S. 40:966..."
In charging defendant with distribution of heroin, the bill need only inform the defendant of the nature and cause of the accusation against him. La. Const. of 1921, Art. 1, § 10. It is unnecessary to allege the name of the person buying or receiving the heroin. Other information to which the defendant is entitled is available to him through a Bill of Particulars. In the present case, defendant filed a Motion for Bill of Particulars, and the *546 State's answer identified the person to whom the heroin was sold.
LSA-R.S. 40:966 provides in pertinent part:
"A. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
"(1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule I;"
LSA-R.S. 40:964(B)(10), a part of Schedule I, lists heroin as a controlled dangerous substance. LSA-R.S. 40:961(15) defines "distribute" as follows:
"`Distribute' means to deliver a controlled dangerous substance. `Distributor' means a person who delivers a controlled dangerous substance."
A statute is void for vagueness only when it fails to give a person of ordinary intelligence fair notice of what conduct is criminal. United States v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954); State v. Lindsey, La., 310 So.2d 89 (1975); City of Shreveport v. Brewer, 225 La. 93, 72 So.2d 308 (1954).
The defendant asserts that the word "deliver" in the statute has such a variety of meanings that it renders the statute fatally defective. We think not. The word must be taken in its usual sense, in connection with the context. LSA-R.S. 14:3; State v. Truby, 211 La. 178, 29 So. 2d 758 (1947). In context, it has a commonly understood meaning. It means to transfer possession or control. Hence, we conclude that the statute satisfies the constitutional requirements.
Bill of Exceptions No. 1 is without merit.

BILL OF EXCEPTIONS NO. 3
During cross-examination of the State's eye-witness, defense counsel cross-examined the witness concerning his prior investigative work in another parish. In response to a defense question, the witness denied that he had failed to account for money entrusted to him for the purchase of narcotics in the other parish.
While the defendant was offering his evidence, he called a Deputy Sheriff from the other parish and sought to establish through his testimony that the witness misused funds entrusted to him, thus contradicting the witness's testimony on cross-examination. The trial judge ruled that the testimony was inadmissible.
Defense counsel asserts that his purpose in offering the rejected testimony was to discredit the entire testimony of the State's witness.
LSA-R.S. 15:494 provides:
"It is not competent to impeach a witness as to collateral facts or irrelevant matter."
It is clear that the prior narcotics investigation of other suspects in another parish is collateral to the charge against this defendant. The circumstances, including the alleged failure to account for the funds, are irrelevant in the present case.
This Court has often held that a party who elicits from a witness on cross-examination testimony as to a collateral matter cannot contradict that testimony by the production of other witnesses. The rule is designed to avoid unnecessarily prolonging trials by extended inquiries into extraneous matters. State v. Dundas, 168 La. 95, 121 So. 586 (1929); State v. Haab, 105 La. 230, 29 So. 725 (1901); State v. Wiggins, 50 La.Ann. 330, 23 So. 334 (1898). Hence, the ruling of the trial judge was correct.
Bill of Exceptions No. 3 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs.