LOTTINGER, Judge.
By bill of information, defendants Sylvester Reed and Marvin Cannon, were charged with the armed robbery of Samuel Bailey in violation of La.R.S. 14:64. Both defendants pled not guilty and were tried together by jury on August 31, September 1 and 2,1982. The jury found both defendants guilty as charged. Defendant Cannon was sentenced to forty-five (45) years at hard labor without benefit of probation, parole or suspension of sentence; defendant Reed was sentenced to twenty-five (25) years at hard labor without benefit of probation, parole or suspension of sentence, to run consecutively with the sentence imposed on defendant Reed following this conviction on the charge of armed robbery of one Becky Sharp, 441 So.2d 1257.
Defendants appeal their convictions and sentences. Inasmuch as the defendants’ supplemental Assignment of Error requires a reversal and new trial, we pretermit discussion of the other assignments of error.
The crime occurred under such peculiar circumstances that one “victim” of the crime was at one time charged with being one of the perpetrators of the crime. This “victim,” and the named victim, designated in the bill of information, testified as eye witnesses to the crime. Neither of them were able to identify the appellants as having committed the crime. Only Leonidas England, an alleged “co-conspirator” of the crime, was able to positively identify the appellants as the perpetrators of the crime.
On cross-examination, the defense counsel planned to show that Mr. England had an interest in testifying a certain way. He attempted to do this by pointing out that Mr. England had committed at least two other armed robberies for which no charges had yet been filed by the district attorney’s office. The prosecutor objected stating that only convictions could be used as a basis for impeachment. The trial judge sustained the prosecutor’s objection, thus, disallowing any questions pertaining to the other robberies. The trial judge’s limitation of the appellant’s inquiry into any interest of Mr. England in testifying resulted in a violation of their constitutional rights of confrontation and cross examination. U.S. Const. Amend. VI; La. Const. Art. I, § 16.
In State v. Brady, 381 So.2d 819 (La.1980), the Louisiana Supreme Court reversed a lower court’s ruling that the defendant could not question a witness as to whether or not he had “made a deal” with the D.A. The witness had been arrested and had forfeited bond, but yet the state was delaying any disposition of the case until after he had testified. The court distinguished between the impeachment of a witness’ general credibility under La.R.S. 15:495 and the impeachment of a witness’ credibility on the basis of bias or interest under La.R.S. 15:492. The court stated:
*1261 “R.S. 15:492 permits a witness to be ques-. tioned as to ‘any particular fact showing or tending to show’ bias or interest in the case on trial and this Court has held on numerous occasions that a witness’ hope or knowledge that he will receive leniency from the state is highly relevant to establish bias or interest. State v. Daniels, 378 So.2d 1361 (La.1979); State v. Bailey, 367 So.2d 368 (La.1979); State v. Franks, 363 So.2d 518 (La.1978); State v. Robinson, [337 So.2d 1168, 1169 (La.1976)]; State v. Lewis, 236 La. 473, 108 So.2d 93 (La.1959). [footnote omitted] “The right to cross-examine witnesses concerning their interest in a ease is not only a statutory right, it is a right protected by the Sixth Amendment of the United States Constitution and Article 1, Section 16 of the Louisiana Constitution. The United States Supreme Court stated in Pointer v. Texas, 380 U.S. 400, 13 L.Ed.2d 923, 85 S.Ct. 1065 (1965) that the right of cross-examination is included in the right of an accused to confront witnesses against him. See also Davis v. Alaska, 415 U.S. 308, 39 L.Ed.2d 347, 94 S.Ct. 1105 (1974); Douglas v. Alabama, 380 U.S. 415, 13 L.Ed.2d 934, 85 S.Ct. 1074 (1965). The Louisiana Constitution explicitly guarantees defendants the right of cross-examination: ‘An accused is entitled to confront and cross-examine the witnesses against him.... ’ Louisiana Constitution, Article 1, Section 16. Under both constitutions the exposure of a witness’ motivation in testifying is a proper right of cross-examination. See United States v. Davis, 415 U.S. at 316, 94 S.Ct. at 1110; Greene v. McElroy, 360 U.S. 474, 496, 3 L.Ed.2d 1377, 79 S.Ct. 1400 [1413] (1959).” 381 So.2d 822.
The facts in the instant case are very similar to those in Brady. In both of these cases the defense was trying to point out to the jury that because of pending charges or possible involvement in a crime which could result in charges, the district attorney’s office could exercise some leverage over the witness, and that the witness was testifying with the hope of leniency.
The state argues that the witness was compelled to testify pursuant to La. Code Crim.P. art. 439.1, that the state was not trying to hide the fact that the witness was a participant in the subject armed robbery, and thus there was no prejudice in disallowing the question. The question sought to be asked by the defense did not involve the subject armed robbery, but other crimes not yet charged. We are of the opinion that under Brady the trial judge’s refusal to allow the defendants to inquire into the witness’ motive for testifying deprived defendants of constitutionally guaranteed rights of cross examination and confrontation.
We have reviewed the cases cited by the state and find them inapposite.
Therefore, the convictions and sentences are reversed, and the defendants are granted a new trial.
REVERSED: NEW TRIAL ORDERED.