SEXTON, Judge.
The defendant, Jimmy Lee Roberson, appeals his conviction for manslaughter, LSA-R.S. 14:31, from the Second Judicial District Court and the subsequent sentence of nine years at hard labor for that offense. The defendant has asserted two assignments of error.

Assignment No. 1 Right to Confrontation

In pursuing this assignment, the defendant designated only that portion of the record containing the testimony of the witness, Barry Wayne Cooper, witness for the prosecution.
*790 The defendant asserts that he shot the victim, Carl Cage, because he feared for his own life and for those of his family. The defendant also asserts that the night before the shooting took place, that Carl Cage had pointed a rifle at the defendant and threatened to kill him but was persuaded not to do so by Barry Wayne Cooper. However, at trial, Cooper admitted that he had seen Carl Cage and the defendant the night before the shooting but denied that Cage had pointed a rifle at the defendant or that Cage had threatened to kill the defendant.
Defense counsel attempted to question Cooper on cross-examination with respect to charges pending against him for his involvement in a fatal traffic accident. However, that line of questioning was objected to by the State, citing LSA-R.S. 15:495.[1] The trial court sustained the objection.
The Sixth Amendment to the United States Constitution guarantees the right of an accused in a criminal prosecution to confront the witnesses against him. This right is secured for defendants in state as well as federal criminal proceedings through the Fourteenth Amendment to the United States Constitution. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The Confrontation Clause of the Louisiana Constitution likewise affords each accused the right to confront and cross-examine the witnesses against him. La. Const.1974, Art. 1, § 16.
The defendant relies heavily on State v. Brady, 381 So.2d 819 (La.1980). In that prosecution for armed robbery, the State’s only witness, the victim of the offense, was asked on cross-examination by the defense about a previous arrest for intentionally carrying a concealed weapon approximately one year earlier. The question was posed in the context of whether the witness had made a deal with the district attorney in return for the witness’s testimony in that case. The trial court sustained the State’s objection' on the basis of LSA-R.S. 15:495.
In a bench conference prior to the ruling, defense counsel stated for the record that he was objecting to the exclusion of the testimony because the witness had been charged with carrying a concealed weapon more than a year earlier and had forfeited bond. Counsel asserted that the state was delaying action in that case until the trial of the defendant. Defense counsel furthermore asked that an objection be noted based on LSA-R.S. 15:492,[2] relating to the questioning of a witness as to interest or bias in a particular case.
In reversing, the Supreme Court stated: “The trial judge’s ruling denied defendant his statutory right to question a witness concerning his bias or interest in the case and violated defendant’s constitutional right of cross-examination (confrontation), there having been no valid statutory or other reason to curtail such cross-examination.” Brady, supra, at 821.
However, we find a significant distinction between the circumstances of Brady and the instant case. The case at bar is *791 more closely akin to State v. Ware, 345 So.2d 33 (La.1977). In Ware, as in the instant case, the trial judge refused to permit the defense to impeach the State’s witness by an inquiry about previous arrests. Upon appeal, the defense contended that LSA-R.S. 14:495 was an unconstitutional deprivation of the right of confrontation guaranteed by the United States and Louisiana Constitutions. The Supreme Court stated:
“The right to confrontation, while a significant constitutional right, is not so unlimited as to require permitting a defendant on cross-examination of state witnesses to make any and all inquiries of whatever character. R.S. 15:495, applicable with respect to the cross-examination of defendant as well as witnesses, is not an unreasonable limitation. R.S. 15:495 is not constitutionally impermissible in derogation of the confrontation clauses of the federal and/or state constitutions.” Ware, swpra, at 36.
Similarly, in the instant case, the record reveals that defense counsel stated to the court that the question was asked for the purpose of testing the witness’s “credibility.” No allegations of bias or interest were asserted. Considering that the arrest at issue was pending in another judicial district and with another district attorney’s office, none seems likely.
Brady and Ware are not inconsistent and may be easily read together. A witness’s credibility may not be tested on the basis of previous arrests. However, if a potential for bias or interest exists as a result of a specific arrest, then R.S. 14:495 with respect to credibility must yield to those of LSA-R.S. 15:492 regarding bias or interest. In the instant case, no reasonable assertions of bias or credibility were made to the trial court and none are disclosed by the record. Thus, LSA-R.S. 15:495 and State v. Ware, supra are controlling. This assignment lacks merit.

Assignment No. 2 Excessive Sentence

Here the defendant contends that the sentence of nine years at hard labor imposed on a first offender with a wife and two young children is excessive.
As we have earlier indicated, we have only been favored with that portion of the transcript relating to the attempted impeachment of the witness Cooper. We have only the presentence report by which to gauge the propriety of the sentence. That report indicates that the victim was shot while seated in his car in front of the defendant’s residence. He was there to see the sister of the defendant. He refused to leave when told to do so by another member of the household. When he refused to leave upon being told to do so by the defendant, the defendant shot him after— as the Roberson family witnesses reported — the victim “reached down.” No weapon was found by police.
The PSI also indicates that the defendant is one of ten children whose family was forced to depend on welfare subsequent to the defendant’s father’s death when defendant was age 5. The defendant was reported to be something of a truant who dropped out of school during the eighth grade. He was also reported to be somewhat of a bully who was more of a nuisance than a severe discipline problem. He is a manual laborer whose was apparently unemployed at the time of this offense.
Based on the circumstances shown to us, the defendant’s social history, the manner in which the offense was committed as revealed by the PSI, and the defendant’s familial circumstances, we are unable to say that this sentence of nine years for the manslaughter of this victim is an abuse of discretion. This assignment lacks merit.
Both the sentence and conviction are affirmed.
AFFIRMED.

. LSA-R.S. 15:495 provides as follows:
"§ 495. Impeachment by evidence of conviction; condition precedent to proof by others; prohibition against cross-examination as to indictment or arrest
Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein."

. LSA-R.S. 15:492 provides as follows:
"§ 492. Bias, interest, or corruption of witness; questions concerning particular acts When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such, bias, interest or corruption, and unless he distinctly admit such fact, any other witness may be examined to establish the same.”