KNOLL, Judge.
Defendant, Lynn J. Ashworth, was tried by a twelve member jury for the distribution of a controlled dangerous substance, a violation of LSA-R.S. 40:968 A, and found guilty of attempted distribution of a controlled dangerous substance. Defendant appeals relying on two assignments of error: (1) the trial court erred in failing to allow defendant’s witness, Bradley Clark, to testify to a drug purchase allegedly made by the State’s confidential informant, Bernard Pinder, shortly after the transaction for which the defendant was convicted; and (2) the trial court erred in that defendant’s conviction should be reversed due to the lack of credibility of the State’s two major witnesses, David Dunn and Bernard Pinder; therefore, there is a lack of evidence to substantiate defendant’s conviction. Defendant failed to brief the second assignment of error, therefore, this assignment is considered abandoned. State v. Johnson, 440 So.2d 197 (La.App. 3rd Cir. 1983), writs denied, 444 So.2d 1240 (La.1984) and 446 So.2d 307 (La.1984).
David Dunn, an undercover agent for the Calcasieu Parish Sheriff’s Office, and Bernard A. Pinder, a confidential informant, testified that defendant sold them fifty (50) mandrax tablets in Pinder's automobile as part of a controlled purchase of drugs on August 31,1983. Under cross-examination Pinder denied that he and Dunn later offered to sell valium to Bradley Clark on December 15, 1983. Defendant attempted to question Clark about the December 15 transaction, but on objection by the State, the trial court characterized defendant’s line of questioning as an irrelevant collateral matter, and prohibited defendant from questioning Clark about the events of December 15.
Defendant contends that his constitutional rights of confrontation and cross-examination of witnesses were denied since he was denied the right to impeach the credibility of a key witness against him. Specifically, defendant argues that the jury, in their assessment of Pinder’s credibility, was entitled to know of Pinder’s bias, interest or corruption.
The trial court sustained the State’s objection on the authority of State v. Martin, 310 So.2d 544 (La.1975). In Martin, supra, when the State’s witness denied misuse of funds entrusted to him for the purchase of narcotics in an unrelated case, defendant called a deputy sheriff as a witness and *1200 sought to get his testimony regarding the misuse of the funds. Defendant declared that his purpose was to discredit the entire testimony of the State’s witness. The court ruled that the testimony was inadmissible under LSA-R.S. 15:494 which provides: “It is not competent to impeach a witness as to collateral facts or irrelevant matter.” However, we find the trial court’s reliance on R.S. 15:494 and State v. Martin, supra, was misplaced, and overlooks the applicability of LSA-R.S. 15:492, which is an exception to R.S. 15:494 and provides:

“When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless he distinctly admit such fact, any other witness may be examined to establish the same.” {Emphasis added.)

If Bradley’s excluded testimony was relevant to the impeachment of Pinder’s testimony on the ground of bias, prejudice or corruption as provided in R.S. 15:492, it was not collateral. See State v. Robinson, 337 So.2d 1168 (La.1976); State v. Guidry, 319 So.2d 415 (La.1975); State v. Lewis, 236 La. 473, 108 So.2d 93 (1959). For the following reasons, we find that Bradley’s testimony was relevant and should have been allowed.
Pinder, an admitted drug dealer who was a paid informer at $25 per case, and Dunn, a person three times convicted of drug related offenses, were the sole State witnesses to defendant’s sale of the controlled dangerous substance, therefore, the credibility of Pinder and Dunn was crucial to the State’s case against defendant.
Defendant’s attack on Pinder’s credibility is that Pinder was biased or prejudiced to cooperate with the State in its prosecution against defendant because of the threat of prosecution against Pinder for the December 15 drug sale to Clark. It is competent to question a witness about possible involvement in a crime which could result in criminal charges for the purpose of establishing that the State could exercise leverage over the witness in the case on trial. State v. Reed, 441 So.2d 1259 (La.App. 1st Cir.1983); State v. Brady, 381 So.2d 819 (La.1980); State v. Lewis, supra.
Defendant laid a proper foundation for the introduction of Clark’s testimony to establish that Pinder’s credibility was questionable because of bias, interest or corruption. The trial judge’s failure to permit Clark’s full testimony before the jury on this crucial issue was clearly contrary to R.S. 15:492 and constitutes reversible error.
DECREE
For the foregoing reasons, defendant’s conviction and sentence are reversed and set aside, and the case is remanded for a new trial, consistent with the views expressed herein.
REVERSED AND REMANDED.