917 So.2d 1082 (2005)
STATE of Louisiana
v.
Tony BURBANK.
No. 2005-K-0325.
Supreme Court of Louisiana.
December 16, 2005.
CALOGERO, C.J., and KNOLL, would grant.
JOHNSON, J., would grant the writ and assigns reasons.
JOHNSON, J., would grant defendant's writ application for the following reasons assigned.
I would reverse defendant's conviction and sentence and remand the case for a new trial. There was no physical evidence linking the defendant to the crime. The State obtained the convictions based principally on the testimony of their star witness, Ms. Cassandra Scott. Scott participated in the day long drug and alcohol binge in the victim's apartment and whose abilities were seriously compromised. Further, at the time of the defendant's trial, Scott was incarcerated on an unrelated drug charge and potentially faced life imprisonment as a fourth felony offender had the district attorney chosen to multiple bill. The defendant should have been afforded the opportunity to inform the jury of these pending charges. State v. Brady, 381 So.2d 819, 821-822 (La.1980); see also State v. Vale, 95-1230,(La.1/26/1996), 666 So.2d 1070, 1072.
Further, Scott was allowed to plead guilty to a reduced charged on the day following her testimony against the defendant. Scott's plea agreement occurred after the State continued her case twenty-two(22) times. Although, the State continues in its position that no promises were made to Scott, and she received no benefit for her testimony despite the waiver form in Scott's file which memorialized her plea bargain agreement that called for a sentence of one-year at hard labor and no habitual offender bill.
The State's burden in the harmless-error analysis requires it to show beyond a reasonable doubt that the excluded evidence could not have affected the jury's verdict. State v. Owunta, 99-1569 at 5 (La.5/26/00),761 So.2d 528, 531(citing State v. Everidge, 96-2665, p. 8 (La.12/2/97), 702 So.2d 680, 685). The court of appeal made an factual error in finding that the state had met its burden with respect to the excluded evidence of Scott's plea bargain and sentence exposure in her own case, and the trial court's ruling otherwise deprived jurors of considering the possibility that Scott committed to an identification made under highly questionable circumstances to protect the deal in her own case
*1083 Therefore, I would respectfully reverse the defendant's conviction and sentence and remand this case to the district court for a new trial.