87 So.2d 132

**STATE of Louisiana**

v.

**Donald ELIAS.**

No. 42697.

March 26, 1956.

J. Minos Simon, Lafayette, for defendant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Bertrand De Blanc, Dist. Atty., Lafayette, J. Nolan Sandoz, Asst. Dist. Atty., Abbeville, for the State.

FOURNET, Chief Justice.

The defendant, Donald Elias, having been convicted of selling and delivering 20 marijuana cigarettes in violation of the provisions of LSA–Revised Statutes of 1950, Title 40, Section 962, as amended, and sentenced to be incarcerated in the State penitentiary for a period of 12 years, prosecutes this appeal, relying on numerous alleged errors committed during the course of the trial, properly presented for review by bills of exception.

There is no merit to the alleged error complained of in the first Bill of Exception, reserved when the trial judge refused to grant the defendant a continuance. It appears that the case had been fixed for trial for June 13, 1955, together with six other cases involving similar offenses, the accused persons in those cases being all represented by the same attorney, defense counsel here, who claims that, realizing all seven could not be tried on the same day, he asked the district attorney which case would be tried first; and having been informed that another case, State v. Robert

Dartez, was to be tried first, he came to court prepared to try that case only. The district attorney denies having so informed counsel. In any event, there is nothing in the record to indicate, and in fact counsel does not even contend he was told, that the case against this defendant would not be tried on that day as fixed; nor does it appear that when the case was called for trial later in the day, the accused was not ready to go to trial—except for the absence of Dr. Kapsinow, whom he attempted to subpoena on that day but who was reported out of town; however, it was shown during the trial that the doctor's testimony would have been immaterial and irrelevant.

The following eighteen bills of exception, Nos. 1–A through 18, involve questions propounded to the chief prosecuting witnesses designed to attack their credibility by showing bias or prejudice and interest in the case or that they had been corrupted; and while it may appear that among the questions asked these witnesses, and not allowed by the trial judge upon objection of the State, there may be some not relevant or pertinent, or which are somewhat remote, and some, though proper, yet if considered alone might not be sufficient to warrant a reversal,[1] we think there are several, particularly those covered by Bills of Exception Nos. 8, 9, 10 and 19,[2] where the

1. For example, counsel for the defendant, in cross-examining Henry LeBlanc, one of the chief prosecuting witnesses who had testified he first met Trooper Otwell on March 4th, asked: "Now, the question is, isn't it a fact that you now change your testimony because of the fact that you subsequently discovered that you have charged and you have given information and [been] called as a witness to testify that you are supposed to have purchased marijuana from Robert Elias on March 4th, 1955, and that because of that reason you are now changing your testimony at this time?" (Bill of Exception No. 14) To the same witness: "Isn't it a fact that you were convicted twice, once in January, the last time in February, for drunk driving, and the last time for driving without a license, and Colonel Grevenberg's department reinstated your license in spite of both convictions?" (Bill of Exception No. 15) And again: "Having admitted that you were convicted in Lake Charles, Louisiana, and what did you say that was?" "Drunk, disturbing the peace." "What were you doing in Lake Charles at that time?" (Bill of Exception No. 16)

2. "Have you ever had any difficulty with the father of Donald Elias?" (Bill of Exception No. 8) "Have you ever heard or been told previous to the filing of the charges by you against the accused that the accused and his father have said that you are a pimp and dopehead and not wanted around the Elias family?" (Bill of Exception No. 9) "Isn't it a fact that during the month of February, 1955, that you were thrown out of the place of business of Wilfred Elias, father of the accused, because you were not wanted around; that he accused you of being a dopehead and a pimp?" (Bill of Exception No. 10) "Isn't it a fact that on the night of March 23rd that the State Troopers picked up Mr. Wilfred Elias, that he was brought to the temporary headquarters of the State Police here in Lafayette and that you were in the same room with him, and didn't you then and there ask Mr. Elias if he remembered you and he told you that he didn't know and that you, in turn, asked, 'You remember me. I am the guy that you said was a dopehead, and I am the guy that you threw out of your place of business,' and Mr. Elias said, 'Yes, I re-

questions were propounded to prosecuting witness LeBlanc, were proper, and to deny the defendant the right to ask the questions was to deny him the right, granted him under the law, to test the witness' credibility by cross examination, and to impeach his testimony by showing bias and prejudice, interest, or that he has been corrupted.

The contention of counsel for the State that the questions posed in said Bills of Exception Nos. 8, 9, 10 and 19 were "too remote in relationship," but that if he is incorrect in that, their exclusion by the court was not reversible error, is untenable. One of the fundamental rights of an accused is to be confronted with the witnesses against him, Article 1, Section 9, La.Constitution of 1921–LSA; LSA–R.S. 15:365, those witnesses being subject to the right of the accused to cross-examine them, LSA–R.S. 15:376, as well as the right to impeach the testimony of every witness sworn against him, LSA–R.S. 15:486. "When the general credibility is attacked, the inquiry must be limited to general reputation, and can not go into particular acts, vices or courses of conduct", LSA–R.S. 15:491, but "When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless

he distinctly admit such fact, any other witness may be examined to establish the same." LSA–R.S. 15:492.

For the reasons assigned, the conviction and sentence are annulled and set aside and the case is remanded for a new trial.

call you.' And didn't you say 'I am going to show you what I can do to you Elias' at that time, or words to that effect?

Did you make that statement?" (Bill of Exception No. 19)