MARCUS, Justice.
Charles Guidry was charged by bill of information with having distributed a controlled dangerous substance, to-wit: marijuana, on November 12, 1973, in violation of La.R.S. 40:966. After trial by jury, defendant was found guilty and was subsequently sentenced to six years at hard labor. Defendant appeals to this court, relying on four assignments of error for reversal of his conviction and sentence. Finding merit in Assignments of Errors Nos. 1 and 2, requiring reversal of the conviction and sentence, we need not consider the other assignments of error in our disposition of the cause.
FACTS
On November 12, 1973, Dale Albert, an undercover informant working for the Southeast Louisiana Regional Bureau of Drug Enforcement, contacted a narcotics agent with the same unit concerning the purchase of marijuana from Charles Guid-ry and others. The informant Albert obtained a ride from Thibodaux to Chack Bay with another individual. At the residence of Charles Guidry and David Clement, Albert was advised that the purchase of marijuana would have to take place at the residence of Shelby Himel. Guidry and Clement followed Albert to the Himel residence in Chack Bay, Louisiana, where Albert purchased six lids or about one hundred and thirty-one grams of marijuana for $72.00. The informant, Dale Albert, was not a commissioned police officer; in fact, he had a past criminal record for convictions of possession of marijuana and stolen goods.
ASSIGNMENTS OF ERRORS NOS. 1 AND 2
In accordance with the procedure prescribed in La.R.S. 15:492, defense counsel attempted to establish by the testimony of other witnesses that Dale Albert, a state witness, was biased and prejudiced against defendant.
Dale Albert, a paid informant who participated in the sale of the marijuana leading to the offense here charged, was asked on cross-examination whether he was biased against defendant, to which he replied that he was not. He was then asked if he had ever tried to hurt defendant, and he replied: “No, I never tried to hurt him.” Once again, Albert reiterated in response to questioning by the defense counsel that he was certain that he was not biased against the defendant.
During the presentation of defendant’s case, Charlene Dupont, the defendant’s girlfriend, testified that some two months prior to November 12, 1973 (date of the alleged offense), she had been the girlfriend of the informant, Dale Albert. She was then asked if she knew of any incident which occurred involving Charles Guidry, the defendant, and Dale Albert, to which she replied in the affirmative. Defense counsel then sought to elicit information relating to an alleged attempted murder perpetrated by Albert upon the defendant in April of 1974. The state objected on the ground of relevancy. Out of the presence of the jury, it was established by this witness (Charlene Dupont) that one night in April of 1974, some five months after the date of the offense charged (November *417 12, 1973), but prior to the trial of this matter (September 17, 1974), she was riding with defendant in his car. Dale Albert drove alongside and fired a shotgun at defendant without provocation. Defendant stopped his car when they realized what had happened. Albert passed them up and stopped his vehicle about fifty yards in front of them and emerged therefrom. The trial judge refused to allow this testimony before the jury, ruling it inadmissible. His reasoning was that, since the incident occurred some five months after the alleged act of distribution, it was not part of the res gestae nor relevant to the matter before the court.
Later, when defendant took the stand, he was asked: “Mr. Guidry, did Dale Albert attempt to murder you?” Objection by the state was again sustained by the court for the same reasons as above.
Defendant contends the testimony regarding the shooting of defendant by the informant Albert in April was admissible in order to show bias and prejudice of this state witness. The curtailment of this examination of the witness, Charlene Dupont, as well as that of defendant, after the foundation had been laid by the questioning of Albert who denied any bias or prejudice towards defendant or that he had ever tried to hurt him, is claimed as error.
La.R.S. 15:492 explicitly provides:
When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless he distinctly admit such fact, any other witness may be examined to establish the same.
We are not concerned here with the curtailment of cross-examination of a prosecution witness by defendant to show bias and prejudice.[1] Rather, the issue here involves the curtailment of the examination of other witnesses (Dupont and defendant) in reference to an incident showing bias and prejudice committed by a prosecution witness (Albert) against defendant. In accordance with La.R.S. 15:492 above quoted, defense counsel questioned Albert on cross-examination as to whether he had ever tried to hurt defendant, to which he replied that he had not. Albert also denied that he was biased against defendant. Hence, a proper foundation was laid for introduction of the testimony of other witnesses to establish the particular fact (shooting incident) showing that Albert was biased and prejudiced against defendant.
The failure to permit this evidence before the jury was clearly contrary to La. R.S. 15:492 and constitutes reversible error.[2]
DECREE
For the reasons assigned, the conviction and sentence are reversed and set aside, and the case is remanded for a new trial.
SUMMERS, J., dissents and assigns reasons.

. See Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); State v. Senegal, 316 So.2d 124 (La., 1975); State v. Lewis, 236 La. 473, 108 So.2d 93 (1959); State v. Elias, 229 La. 929, 87 So.2d 132 (1956); State v. Leahy, 175 La. 659, 144 So. 138 (1932).

. There can be no question but that this error was prejudicial to the substantial rights of the accused and likewise constitutes a substantiál violation of his constitutional and statutory rights. La.Code Crim.P. art. 921 (1966). Albert was the sole state witness to the sale of the marijuana here involved. As a matter of fact, Himel testified that he sold the marijuana to Dale Albert and that defendant was not present at his residence at the time of the transaction. Hence, the credibility of Albert was crucial to this prosecution against defendant.