JjPICKETT, Judge.
FACTS
The defendant was indicted by a grand jury with the offense of forcible rape, a violation of La.R.S. 14:42.1. The indictment charged that, on August 24, 1996, the defendant forced the victim to have sexual intercourse. The defendant admitted to having sexual intercourse with the victim, *893 but maintained it was consensual in nature.
Following a trial by jury, the defendant was found guilty as charged on August 23, 2000. On October 30, 2000, he was sentenced to serve forty years at hard labor without benefit of probation, parole or suspension of sentence. The defendant has appealed both the conviction and sentence.
DISCUSSION
The court has before it three separate assignments of error. The defendant argues 1) the trial court erred by allowing a statement to be introduced into evidence taken from an inmate to whom the defendant allegedly confessed, 2) there is insufficient evidence to support the defendant’s conviction, and 3) the sentence imposed by the trial court is excessive.
The defendant argues the trial court erred in allowing the introduction of a hearsay statement regarding an alleged confession of the defendant to inmate Ronald Broussard. The defendant allegedly made a confession to Ronald Broussard while he and the defendant were incarcerated together. At the time of the trial, Ronald Broussard was unavailable. The. record reflects the state attempted service on Ronald Broussard, but the subpoena was returned as he allegedly had moved to Texas.
Officer McCullan Gallien of the Lafayette Police Department, the investigating officer in this case, testified that he met with Ronald Broussard, an inmate who shared |¡»a pod with the defendant. In Ronald Broussard’s taped statement, he told Officer Gallien that the defendant told him that he had raped someone. Ronald Broussard stated that the defendant described the incident to him — that he had gone to his home with a woman after drinking where he tried to have intercourse with her. The defendant allegedly told Ronald Broussard that when she resisted, he held her down by putting his arm across her throat and forced her to have sexual intercourse. Officer Gallien testified that he did not believe that Ronald Broussard’s statement was given for any purpose other than to let it be known what happened. Also, Ronald Broussard informed Officer Gallien that the reason he reported the defendant’s story was because he felt the defendant’s actions were wrong and explained that his girlfriend had been a rape victim.
During the testimony of Officer Gallien, the state introduced the statement of Ronald Broussard into evidence. The defendant objected and argued that the statement did not fall within the exceptions to the hearsay rule. The state argued that the statement was admissible under La.Code Evid. art. 804, which allows certain hearsay statements to be admitted when the declarant is unavailable. The court ruled that the transcription of Ronald Broussard’s statement was admissible, but not the officer’s report of the interview. The defendant objected, arguing he was not being afforded an opportunity to cross-examine Ronald Broussard. That objection was overruled, the court stating that Ronald Broussard was unavailable and, thus, an exception to the hearsay rule allowed the statement to be admitted.
There is no exception which would allow for the admission of Ronald Broussard’s statement. The state relies on the provisions of La.Code Evid. art. |3804(B)(3) in arguing the transcript falls under an exception to the rule excluding hearsay evidence. This argument is misplaced.
Louisiana Code of Evidence Article 801, in pertinent part, provides as follows:
The following definitions apply under this Chapter:
A. Statement. A “statement” is:
*894 (1) An oral or written assertion; or
(2) Nonverbal conduct of a person, if it is intended by him as an assertion.
B. Declarant. A “declarant” is a person who makes a statement.
C. Hearsay. “Hearsay” is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted.
Louisiana Code of Evidence Article 802 specifies that “[h]earsay is not admissible except as otherwise provided by this Code or other legislation.” The state argues that, because the declarant, Ronald Brous-sard, was unavailable at trial, his statement falls under exceptions set forth in La.Code Evid. art. 804. That article, in its entirety, provides as follows:
A. Definition of unavailability. Except as otherwise provided by this Code, a declarant is “unavailable as a witness” when the declarant cannot or will not appear in court and testify to the substance of his statement made outside of court. This includes situations in which the declarant:
(1) Is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of his statement;
(2) Persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so;
(3) Testifies to a lack of memory of the subject matter of his statement;
(4) Is unable to be present or to testify at the hearing because of death or then existing physical or mental illness, infirmity, or other sufficient cause; or
(5) Is absent from the hearing and the proponent of his statement has been unable to procure his attendance by process or other reasonable means. A de-clarant is not unavailable as a witness if his exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrongdoing of the proponent of his statement for the purpose of preventing the witness from attending or testifying.
B. Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness: 14.(1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a party with a similar interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. Testimony given in another proceeding by an expert witness in the form of opinions or inferences, however, is not admissible under this exception.
(2) Statement under belief of impending death. A statement made by a declar-ant while believing that his death was imminent, concerning the cause or circumstances of what he believed to be his impending death.
(3) Statement against interest. A statement which was at the time of its making so far contrary to the declarant’s pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.
(4) Statement of personal or family history. (a) A statement, made before the *895 controversy, concerning the declarant’s own birth, adoption, marriage, divorce, legitimacy, relationship by blood, adoption, or marriage, ancestry, or other similar fact of personal or family history, even though declarant had no means of acquiring personal knowledge of the matter stated; or
(b) A statement, made before the controversy, concerning the foregoing matters, and death also, of another person, if the declarant was related to the other by blood, adoption, or marriage or was so intimately associated with the other’s family as to be likely to have accurate information concerning the matter declared.
(5) Complaint of sexually assaultive behavior. A statement made by a person under the age of twelve years and the statement is one of initial or otherwise trustworthy complaint of sexually as-saultive behavior.
(6) Other exceptions. In a civil case, a statement not specifically covered by any of the foregoing exceptions if the court determines that considering all pertinent circumstances in the particular case the statement is trustworthy, and the proponent of the evidence has adduced or made a reasonable effort to adduce all other admissible evidence to establish the fact to which the proffered statement relates and the proponent of the statement makes known in writing to the adverse party and to the court his intention to offer the statement and the particulars of it, including the name and address of the declarant, sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it. If, under the circumstances of a particular case, giving of this notice was not practicable or failure to give notice is found by the court to have been excusable, the court may authorize a delayed notice to be given, and in that event the opposing | fiparty is entitled to a recess, continuance, or other appropriate relief sufficient to enable him to prepare to meet the evidence.
The state’s argument is misplaced in that it presents the statement of the witness, Ronald Broussard, as the statement ‘against interest’ it seeks to introduce and, Ronald Broussard, as the unavailable de-clarant. Ronald Broussard, however, is not the declarant of the statement sought to be introduced. Ronald Broussard is the witness to whom the declarant, the defendant herein, allegedly made the statement the state seeks to introduce. Furthermore, the statement made by Ronald Broussard is not a statement against his interest under Louisiana Code of Evidence Article 803(B)(3). The information contained in Ronald Broussard’s taped statement, which the state sought to put before the jury, and which in fact was introduced, was the substance of the conversation the defendant allegedly had with State’s witness Ronald Broussard, i.e., that he had forced the victim to have sex with him. The State sought to introduce this statement as evidence of the truth of the matter asserted, i.e., that the defendant forced the victim to have sex with him and that sex was not consensual. This is evidence directly pertaining to the ultimate issue in this trial — was the sex forced or consensual — and the state could have no other reason to seek its introduction other than to establish the truth of that statement.
Therefore, it is clear that the defendant, not Ronald Broussard, is the declarant of the statement sought to be introduced and put before the jury. Ronald Broussard is simply the witness to whom the declarant’s statement was allegedly made. The state’s argument, therefore, that this statement is admissible under the provisions of *896 article 804(B)(3) fails. The introduction of the taped statement of the witness, Ronald Broussard, was, therefore, erroneous.
IfrBy allowing this statement to be introduced, the court in effect allowed the testimony of a witness whom the defendant was prevented from having the opportunity to confront and cross-examine.
“The Confrontation Clause of the Sixth Amendment to the United States Constitution requires that a defendant in a criminal case be allowed within traditional limits to impeach the credibility of a prosecution witness by cross-examination directed at possible bias or interest.” State v. Senegal, 316 So.2d 124 (La.1975).
Louisiana Constitution Article I, § 16 provides that every person accused of a crime is entitled to a fair trial and “is entitled to confront and cross-examine the witnesses against him....” La.R.S. 15:273 provides that [t]he accused shall have the right to be confronted with the witnesses against him and the depositions of witnesses shall not be evidence either for or against him except as provided by law.
A substantial denial of the right to cross-examine a witness cannot be considered harmless error. Senegal, 316 So.2d 124; see also State v. Elias, 229 La. 929, 87 So.2d 132 (1956). In the matter before us, the defendant was denied his right to cross-examine the witness entirely because the witness was not required to appear. As this is a direct violation of a basic constitutional right guaranteed every person accused of a crime by both federal and state constitutional provisions, it cannot be considered harmless. Accordingly, we reverse the defendant’s conviction and remand the matter for a new trial.
Because of our disposition on the defendant’s first assignment of error, it is unnecessary to address the remaining assignments of error.
REVERSED.