[21] In my view, the use of a forged prescription to obtain illegal drugs evidences an "intent to defraud." Accordingly, I respectfully dissent.
[22] LEMMON, Justice, dissenting.
[23] The majority places too narrow a construction on the term "intent to defraud". This court should clearly reject any suggestion that the term be limited to pecuniary matters.
[24] One intends to defraud when one knowingly uses a false writing or signature to obtain anything of value to which one is not otherwise entitled.[1] Here, defendant intended to defraud the doctor and the pharmacist by obtaining substances which the doctor could not prescribe and the pharmacist could not dispense to persons who were not in need of medical treatment.[2] By presenting a prescription on which she had falsely made the doctor's signature (which she admitted in her confession), defendant intended by means of a counterfeit document to secure by fraudulent misrepresentations a substance to which she was not entitled. *West Page 862 
[25] The evidence was sufficient to prove the elements of the crime.[3]
[1] Black's Law Dictionary defines "defraud" as "[t]o practice fraud; to cheat or trick". There is no question that defendant here intended to "trick" the pharmacist into selling her the drugs she sought. This court should adhere to the principle set forth in R.S. 14:3 that provisions of the Code be "given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision".
[2] Defendant also intended to defraud the state, which has a legitimate interest in controlling dangerous substances. See R.S.40:972 et seq.
[3] The fact that defendant could have been charged under another statute is not determinative of whether the state proved all of the elements of the crime with which she was charged. See R.S. 14:4; United States v. Batchelder, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979); State v. Valasquez,376 So.2d 129 (La. 1979). Further, there is no evidence of a legislative intent to limit prosecutions for such conduct to R.S.40:971(B)(I)(b).