367 So.2d 368 (1979)
STATE of Louisiana
v.
Ervin J. BAILEY, Jr.
No. 62374.
Supreme Court of Louisiana.
January 29, 1979.
Rehearing Denied March 5, 1979.
*369 Risley C. Triche, E. Robert Sternfels, Triche, Sternfels & Nail, Napoleonville, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Francis Dugas, Dist. Atty., Walter K. Naquin, Jr., Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Chief Justice.
The Grand Jury of Lafourche Parish indicted the defendant Ervin J. Bailey, Jr., for the first degree murder of one Thomas Taylor, a violation of Article 30 of the Criminal Code. The jury returned a verdict of guilty of manslaughter, and Bailey was sentenced to serve twenty-one years at hard labor.
On this appeal, defendant relies upon six assignments of error for reversal of his conviction and sentence. Assignments 7 and 8 are based upon the contention that the trial court erred in denying defendant's motion for a new trial. Finding that these assignments are meritorious, and that defendant should be granted a new trial, it is unnecessary to consider the remaining assignments of error.
Allegations of the motion for a new trial considered pertinent to this reversal set forth that the verdict finding Bailey guilty of manslaughter would result in an injustice if permitted to stand.
In addition to other allegations, the motion alleges that defendant had discovered, since the verdict and judgment of his guilt, a prejudicial error or defect in the proceedings. It is alleged the State failed to apprise the accused of evidence adversely affecting the credibility of the State's principal witness, Michael Wayne Moore, which the State was required to do pursuant to a defense motion for production and discovery. The motion asserts that on the day before Moore was called to testify at the trial, he was arrested on a felony charge, possession of narcotics, and bail was fixed at $25,000. The State, through the direct intervention of an Assistant District Attorney and with the consent of the committing magistrate and the Sheriff's office, arranged for the release of this witness from jail, without bail, in order that he could testify against the accused while not in custody. After giving testimony prejudicial to the accused the witness was allowed to return to the street. It was not until several days later, upon complaint of the witness' probation and parole officer, that the committing magistrate discovered that the witness Moore was on the streets without having posted bail. At that juncture the witness was again incarcerated.
According to the motion, these facts and circumstances affected the credibility of the State's principal witness, a factor favorable to the defense. These facts occurred during the trial of the case, they were known to the prosecutor and could not have been discovered by the defense in the exercise of reasonable diligence.
The motion contained a list of the witnesses who would testify to the facts set forth in the motion.
At the hearing on the motion on March 22, 1978, testimony essentially corroborated the allegations of the motion, with the exception that Moore was incarcerated in the City Police lockup instead of the parish jail, and this occurred prior to trial. It was also shown that shortly after the trial the charges against Moore were "dropped", and he was released from custody on the District Attorney's finding that the evidence would not sustain a prosecution. At the time of the hearing the defense had summoned Moore to appear as a witness but the subpoena was returned "Unserved. Unable to locate."
Prior to trial on October 3, 1977 defendant had filed a motion which prayed for the production of,

"Any evidence favorable to the accused, including but not limited to, statements of witnesses contradictory to any alleged eye witness accounts, records of arrests *370 and convictions of state's principal witnesses; evidence of hostile demonstration or overt act on part of the victim toward the accused; evidence of dangerous character or threats of victim against the accused; evidence adversely affecting credibility of state's witnesses;" (emphasis added).
It is the defense contention that the arrest and incarceration of Moore and his release from incarceration by the Assistant District Attorney on his own recognizance, despite the fact that the bond for his release on bail in the amount of $25,000 had not been furnished or set aside, were facts and circumstances which should have been furnished to the defense under the continuing request contained in the defense motion of October 3, 1977:
"To promptly notify the defendant and the Court on a continuing and ongoing basis of the discovery of additional evidence or the decision to use additional evidence subject to discovery or inspection under the order issued pursuant to this motion, so that the court may order additional discovery or allow defendant to make an appropriate motion for additional discovery or inspection."
Other circumstances following the trial are also relied upon to support the defense contention that the State's principal witness, Moore, may have gained the impression from his release prior to trial that his favorable testimony on behalf of the State would lead to his release from the charges then currently pending against him. Although no intention on the part of the State to bring about such an impression in the mind of its principal witness is charged and no such design is shown by this record, the circumstances do not dispel the inference that Moore may have gained such an impression. Failure to promptly return him to custody after trial, his subsequent release from custody because the District Attorney declined to accept the charges, and the fact that he could not thereafter be found to appear and testify at the motion to suppress, all support an inference that the information concerning Moore's arrest, incarceration and release on his own recognizance, available to the State in advance of trial, should have been furnished to the defense for use at trial to attack Moore's credibility.
Under the inference that Moore received the impression that his testimony favorable to the State would benefit him by releasing him from incarceration and would result in the dropping of charges against him, it is fair to expect that such an impression would adversely affect his credibility as to the defendant.
Defendant's contention here is based upon the basic proposition announced in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), that suppression by the prosecutor of material evidence favorable to the accused justifies a new trial irrespective of the good faith or bad faith of the prosecution. The Court in Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), extended the rule of Brady v. Maryland to cases in which evidence adversely affecting the credibility of Government witnesses is withheld from the defense, reversing the judgment of a federal trial court on constitutional due process grounds. The test applied in that case was:
"When the `reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within this general rule. . Moreover, whether the nondisclosure was a result of negligence or design, it is the responsibility of the prosecutor."
Thereafter the United States Supreme Court held in United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), that the prosecutor, in keeping with the Brady v. Maryland principle, had a duty to disclose to the defense evidence material to the establishment of defendant's innocence. In formulating the rule to be followed to fulfill this duty, the Court wrote:
"The proper standard of materiality must reflect our overriding concern with the justice of the finding of guilt. Such a finding is permissible only if supported by *371 evidence establishing guilt beyond a reasonable doubt. It necessarily follows that if the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed. This means that the omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial. On the other hand, if the verdict is already of questionable validity, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt."
In a case decided by this Court three days before the Agurs decision was handed down, it was held, in State v. Carney, 334 So.2d 415 (La.1976), that it was reversible error for the State to fail to disclose, even inadvertently, that the prosecution had entered into a bargain with a witness, even though the information regarding the bargain went only to the credibility of the witness.
Most recently, in State v. Falkins, 356 So.2d 415 (La.1978), acting upon the authority of these cases, we decided that the failure of the prosecutrix to disclose, upon defense request, that two of the State's witnesses had earlier misidentified one of the robbers, deprived defendant of a fair trial where the sole basis for conviction was the eyewitness identification of defendant as one of three robbers. The misidentification in this Court's opinion, if brought to the attention of the trial jury, was sufficiently material to have raised reasonable doubt in the jury's mind, both as to the witness' own positive identification and also as to the strength of the State's case.
It is the Court's opinion that these decisions are applicable here. Although the trial court held that evidence of the witness' arrest would not have been admissible because of the prohibition contained in Section 495 of Title 15 of the Revised Statutes, against evidence of arrest for the purpose of impeaching the credibility of witnesses, it was the release of the witness without bail several hours before he testified and the subsequent nondisclosure of that fact which made the evidence important to the defense and admissible under Section 492, where it is said that,
"When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless he distinctly admit such fact, any other witness may be examined to establish the same."
Thus, examination as to arrest is not within the prohibition of Section 495 when it is independently relevant to show particular bias or interest in the special case before the court under Section 492, which recognizes another and a different basis of impeachment than that of Section 495. State v. Robinson, 337 So.2d 1168 (La.1976).
In brief defense counsel states that he had interviewed the witness prior to trial, at which time the witness' testimony was different. The sole and exclusively known explanation for the change, he argues, was an obvious anticipation by the witness that he would neither be charged nor his probation revoked upon the narcotics charge for which he was arrested. If defense counsel had been made aware by the prosecution of Moore's arrest and release from incarceration just prior to trial, he could very probably have negated, to a considerable extent, the credibility of this important state witness and thereby created that reasonable doubt which would influence the jury in favor of the accused.
The argument is tenable and on this record we agree that a new trial should be granted.
For the reasons assigned, the conviction and sentence are reversed and set aside, and defendant is granted a new trial.
BLANCHE, J., not participating.