hPEATROSS, J.
Defendant, Russell L. Jones, was charged with simple burglary of an inhabited dwelling, in violation of La. R.S. 14:62.2. He waived his right to a jury trial and was tried by the court. Defendant was convicted as charged. Subsequently, Defendant was adjudicated a fourth-felony habitual offender and sentenced to 30 years at hard labor, without benefit of probation or suspension of sentence. He was ordered to serve the sentence consecutively with any other sentence and he was given credit for time served. Defendant now appeals his conviction. For the reasons stated herein, we affirm.
FACTS
On September 1, 1998, Cultures, a clothing store on Greenwood Road in Shreveport, Louisiana, was burglarized. The owner of the store, Sybil Fox, was using the store as her residence at the time oi the burglary. Ms. Fox was alerted to the burglary in progress when she heard the security alarm for the building. Upon entering the front part of the store, Ms. Fox noticed broken glass and observed a bald black male reaching inside her store from the outside, pulling clothes from the wall near the windows. After pulling out the clothes, the black male, later identified by Ms. Fox as the Defendant, jumped into a get-away vehicle with the clothes. Ms. Fox later testified at trial that she got a good look at the vehicle, its occupants and its license plate. After the vehicle took off, Ms. Fox alerted the police.
Subsequently, Officer Steve Robinson of the Shreveport Police Department stopped the vehicle a short distance from the store. A black male ran from the vehicle when it came to a stop. At trial, Officer Robinson identified the black male as fitting the description of Defendant as described |aby Ms. Fox. A woman, later identified as Carol Myers, was driving the getaway vehicle and was arrested before she could escape. Upon searching the vehicle’s trunk, Officer Robinson found the clothes taken from the store.
Ms. Myers pled guilty and testified against Defendant at trial. She provided Detective Dennis Pratt of the Shreveport Police Department with the name of Defendant as the person with her in the vehicle and picked him out of a photographic lineup. Thereafter, Defendant was arrested and questioned. Detective Pratt obtained a voluntary statement from Defendant in which he admitted to breaking a front window of the store with a pipe and grabbing several shirts from the store.
Although Ms. Myers testified at trial against Defendant, at the end of the trial, Defendant entered into evidence an affidavit signed by Ms. Myers recanting her testimony. Ms. Myers explained in her *965 testimony that Defendant’s brother had contacted her and informed her that Defendant would be facing 20 years in prison if she did not recant her testimony and swear in the affidavit that what she told the police was false and that Defendant was not involved in the crime. She further explained to the court that she wrote in the affidavit basically what Defendant’s brother told her to write in it.
Defendant also testified at trial and denied that he was involved in the burglary. He denied he was with Ms. Myers on the day of the burglary and denied all her statements about his involvement in the burglary.
As previously stated, Defendant was charged with simple burglary of an inhabited dwelling and he was convicted by the trial court as charged. [..¡Defendant filed motions for a new trial and a post verdict judgment of acquittal, all of which were denied. Defendant now appeals, raising the following assignments of error (verbatim) [1]
1. The State failed to disclose a written plea agreement it negotiated with co-Defendant who testified on behalf of the State which violated Defendant’s due process;
2. The State failed to show that Sybil Fox was authorized to use her business as a habitation in view of the express laws and ordinances of City of Shreveport and the State of Louisiana; and,
3. The evidence was legally insufficient to sustain Defendant’s conviction.
DISCUSSION

Sufficiency of the Evidence

In his final assignment of error, Defendant argues that the evidence used against him at trial was insufficient to support his conviction. We do not agree.
When issues are raised on appeal, both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165.
This court’s authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442; State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a fact finder’s decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, *966 36,118 (La.App.2d Cir.8/30/02), 827 So.2d 508, writ denied, 02-3090 (La.11/14/03), 858 So.2d 422.
In cases involving a defendant’s claim that he was not the person who committed the crime, the Jackson rationale requires the State to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Powell, 27,959 (La.App.2d Cir.4/12/96), 677 So.2d 1008, writ denied, 96-1807 (La.2/21/97), 688 So.2d 520.
La. R.S. 14:62.2 provides, in pertinent part:
Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than as set forth in Article 60.
IfiTo convict a defendant of simple burglary of an inhabited dwelling, the State is required to prove that he entered an inhabited dwelling with the intent to commit a felony or theft therein. A defendant’s intent to commit burglary of an inhabited dwelling may be inferred from circumstances surrounding the commission of the offense. See State v. Black, 627 So.2d 741 (La.App. 2d Cir.1993); State v. Pike, 426 So.2d 1329 (La.1983).
In the case sub judice, the State proved that Defendant entered the dwelling inhabited by Ms. Fox with the intent to commit a theft therein. At trial, it was shown that the store was an inhabited dwelling because Ms. Fox lived there. Defendant entered the store when he broke the glass and put his arm through the store window. After the police informed Defendant of his Miranda rights, he admitted to breaking the store window and to grabbing several shirts. Defendant’s actions and statements in these circumstances infer his intent to commit a theft when he entered the store.
Further, the State properly carried its burden of negating any reasonable probability of misidentifying Defendant as the person who broke the store window and removed the clothes from the store. Ms. Fox identified Defendant as the person she saw removing the clothes from her store and Officer Robinson observed the person running from the get-away vehicle as meeting the description of Defendant. Moreover, Defendant freely admitted that he committed the crime. The trial judge evidently found that Ms. Myers testimony at trial and her statements to police about Defendant’s involvement in the crime were more credible than her attempted recantation in the affidavit that Defendant’s brother told her to [ fiwrite. We give great deference to the trial judge’s decision to accept the testimony of Ms. Myers over her recantation. After reviewing the evidence in the light most favorable to the prosecution, we find that the trial judge could reasonably conclude that all of the elements of Defendant’s simple burglary of Ms. Fox’s inhabited dwelling have been proved beyond a reasonable doubt. This assignment of error is without merit.

Plea Agreement with Co-Defendant

Defendant asserts that the State failed to disclose to him that a plea agreement had been made with Ms. Myers wherein she would receive leniency in her sentence in exchange for her testimony against Defendant. According to Defendant, this failure to disclose violates his due process rights. We do not agree.
Due process requires the disclosure of evidence that is both favorable to the accused and material either to guilt or to punishment. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 *967 (1963); State v. Bailey, 367 So.2d 368 (La.1979). There is no distinction between exculpatory evidence and impeachment evidence; and, in Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), the Supreme Court extended the Brady rule to cases in which any evidence adversely affecting the credibility of government witnesses is withheld from the defense. The prosecution’s duty to disclose exculpatory evidence applies whether there has been a specific or a general request for discovery, as well as when there has been no request at all. United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Where such information is not |7disclosed and it is material in the sense that its suppression undermines confidence in the outcome of the trial, then constitutional error occurs and the conviction must be reversed. United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); Giglio, supra. Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. Bagley, supra. For purposes of Brady’s due process rule, a reviewing court, in determining materiality of evidence, must also ascertain “not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence.” Kyles v. Whitley, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). Further, the defendant must show that “disclosure of the suppressed evidence to competent counsel would have made a different result reasonably probable.” State v. Marshall, 94-0461 (La.9/5/95), 660 So.2d 819.
In the instant case, Defendant makes allegations that Ms. Myers was coerced and forced into testifying against him. We find that these allegations are based on mere speculation and conjecture. Two witnesses testified at trial against Defendant, implicating him in the crime. He voluntarily confessed to the police that he committed the crime. Defendant has not shown how, had the evidence been disclosed to the defense, the result of the proceeding would have been different. He has not shown how disclosure of the plea agreement would have made a different result | ¿reasonably probable. Defendant has also not shown how, in the absence of the plea agreement evidence, he did not receive a fair trial. He took full advantage of the opportunity to cross examine Ms. Myers at trial and to try to impeach her credibility. Simply put, Defendant has not shown how the absence of knowing about the plea agreement undermines confidence in the outcome of his trial.
After thoroughly reviewing the record, we conclude that the evidence presented at trial was so compelling that it indicates that the guilty verdict in this case was correct and unattributable to the failure of the State to provide Defendant with the plea agreement. Defendant was not prejudiced by this error and the error was harmless under the facts of this case. Under prevailing United States Supreme Court and Louisiana Supreme Court jurisprudence, the inquiry for harmless error “is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error.” Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); State v. Johnson, 94-1379 (La.11/27/95), 664 So.2d 94; State v.Code, 627 So.2d 1373 (La.1993), cert. denied, 511 U.S. 1100, 114 S.Ct. 1870, 128 L.Ed.2d 490 (1994). See also La. C. Cr. P. art. 921. Since Defendant has not *968 shown to this court how knowledge of the plea agreement would have made the result of the trial any different or even how the absence of this evidence prevented him from receiving a fair trial, this assignment of error is without merit.
Is Use of Store as Habitation
Defendant argues that, because Ms. Fox could not use her store as her habitation since it violated local and state law, then he could not be convicted of simple burglary of an inhabited dwelling. We find no merit to Defendant’s argument. Whether or not Ms. Fox violated the civil law in inhabiting her store is irrelevant. The fact is Ms. Fox testified at trial that she was living in the back of her store and it was proven that Defendant committed a simple burglary of this structure. As previously noted, for purposes of proving guilt of the crime of simple burglary of an inhabited dwelling, La. R.S. 14:62.2 provides that an inhabited home includes any “inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons.” (Emphasis added.) Since Ms. Fox lived in her store, it meets this definition of an inhabited dwelling; and, therefore, this assignment of error is without merit.
CONCLUSION
For the foregoing reasons, the conviction of Defendant, Russell L. Jones, is affirmed.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, GASKINS, PEATROSS, DREW and MOORE, JJ.
Rehearing denied.

. Defendant filed his own brief, along with the brief filed by the Louisiana Appellate Project. The first two assignments of error are listed in Defendant’s brief and the last assignment of error is listed in the Louisiana Appellate Project’s brief.